NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00780-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| John Saenz Flores, Jr., | |
| Defendant. | |

Defendant filed a Motion to Dismiss the instant case against him for pre-and post-indictment delay (Doc. 21). The government submitted a Response (Doc. 25) which the Court ordered filed under seal because it discusses sensitive victim-related information throughout. The Court has now considered all parties' briefing and argument. No party requested a hearing on the Motion and the Court concludes it would not assist in resolving same. LRCiv 7.2(f).

In order to prevail on a claim of Due Process violation for pre-Indictment delay, a Defendant must show: 1) "actual, non-speculative prejudice from the delay"; and 2) that the delay, weighted against the government's reasons for it, "offends fundamental conceptions of justice[.]" United States v. Corona-Verbena, 509 F.3d 1105, 1112 (9th Cir. 2007). Defendant first argues he was prejudiced generally because witness memories have faded, but that is simply the "generalized assertion of the loss of memory or evidence" that the Ninth Circuit has held is insufficient to establish actual prejudice. United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995).

More specifically, Defendant also argues he is prejudiced in his defense by the inability to "visit the scene as it was at the time" and by the death of witness Mr. De La Rosa, who was "the only witness to identify [Defendant] as a suspect at the time of the assault." (Doc. 21 at 3.) The Court is unpersuaded on these two points. While the passage of time has likely led to a change in the alleged crime scene(s) since 2014, the government notes that it took extensive photographic evidence of the relevant locations which do accurately depict them at the time of the alleged assault and its aftermath, and that evidence has been disclosed to Defendant.

As for the argument that Mr. De La Rosa's death in the ensuing years since the alleged assault has prejudiced Defendant, he fails to persuade how. First, Mr. De La Rosa's account—which the Court has read in the form of the contemporaneous ROI filed under seal—inculpated Defendant rather than exculpating him. Second, and relatedly, because Mr. De La Rosa is now deceased, his inculpatory testimony will not be introduced against Defendant. This would seem to advantage Defendant rather than prejudice him. And to the extent Defendant would argue he wanted to examine Mr. De La Rosa to somehow aid his defense, his argument fails to show how this would be the case, in light of the facts before the Court in the Motion.

Having found Defendant has failed to show the necessary prejudice in the pre-indictment delay, the Court need not reach the second requirement. The Court will deny the Motion to Dismiss on the basis of the pre-indictment delay occurring between August 2014 and July 2019.

Regarding analysis of Defendant's post-indictment delay claim, his counsel correctly sets forth the affirmative Sixth Amendment obligation of the prosecution and the Court to try a defendant in a timely manner, which requires "a good faith, diligent effort to bring him to trial quickly." (Doc. 21 at 3-4)(citing Moore v. Arizona, 414 U.S. 25, 26 (1973). The Court looks to four factors to determine whether the speedy trial right has been violated: 1) the length of delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and 4) prejudice to the defendant.

The government concedes, and the Court agrees, that the length of post-indictment delay here—from July 2019 to March 2026, or approximately six and a half years—is presumptively prejudicial, and that threshold having been met, the Court may proceed to evaluate the other three factors per United States v. Gregory, 322 F. 3d 1157, 1161 (9th Cir. 2003).

Upon consideration of the reasons the government provided for the delay in trying Defendant on the instant Indictment, the Court concludes they weigh against finding a violation of Defendant's speedy trial due process right. The Court notes that it did not consider—and the government did not argue—that Defendant's incarceration from 2014 through 2025 for unrelated Arizona state felony convictions was the reason he was not tried on this federal matter sooner. Rather, the government asserts that the victim in this matter has continued to suffer both physical and emotional hardships as a result of the instant offense that counseled strongly against proceeding sooner—as the government put it, it maintained continuing concerns for [the victim]'s ability to testify at trial without endangering his health and wellbeing," and justified the delay thusly.

While the details of the victim's physical and emotional condition as a result of the assault against him in 2014 appear largely in the sealed submissions of the government, and the Court sees no justification for unsealing them now, it can outline that the victim's condition after having been shot four times during the assault included permanent paralysis from the waist down for the past nearly 12 years, losing the use of his dominant hand, being confined to a bed and only more recently a wheelchair (occasionally) since the assault, and continuing to experience a severely compromised and vulnerable immune system that has resulted in frequent infections to the current day. In the first eight months after the Indictment was returned in this matter, the government's concerns centered on the victim's lack of mobility, a highly restrictive care facility situation that created extreme difficulty in transporting him to court for trial. The government asserts these concerns justified a good-faith decision to delay trial for that's period. From March 2020 until recently, concerns with COVID and the dangers to the victim's compromised and vulnerable

immune system further medically restricted the victim's ability to safely participate in a trial where his in-person testimony would be required, in light of his vulnerable immune system. Indeed, the government asserts that the victim still faces all of these issues now but has progressed to the point that he is "hopeful [] that his appearance [] will not place his health or continued recovery in jeopardy." (Doc. 23 at 6.) The Court finds the government's proffered reason for delay is reasonably diligent under the circumstances, is in good faith, and was not contrived "in order to hamper the defense" as proscribed in Barker v. Wingo, 407 U.S. 514, 532 (1972).

The third factor—Defendant's assertion of his right to speedy trial—is neutral at best. Upon the return of the Indictment in this matter in July 2019, federal authorities placed a hold on Defendant with the Arizona Department of Corrections, where he was serving his eleven year sentence for the state convictions. Upon completion of that sentence in early 2025, the Department delivered Defendant into United States Marshal Service custody on the hold. The hold appeared in Defendant's DOC records upon its placement in 2019, and Defendant thus would have been aware of it; yet, as the government points out, there is no record of him seeking to assert his speedy trial right in this Court. The Court holds this factor as a neutral, however, as it observes he was not appointed counsel in this matter until he came into Marshal custody, although Defendant could have requested such counsel.

The fourth factor—prejudice to the Defendant from the post-indictment delay— falls firmly against a finding of a violation. The Court does not find Defendant has demonstrated any such prejudice under the three Barker factors. Defendant did not experience oppressive pre-trial incarceration here, as he was in state custody on other convictions from the time of his indictment until February of 2025. Nor does he demonstrate he experienced any anxiety or concern for the federal matter and any delay of it. Again, Defendant would have been aware of the charge as soon as the hold was placed on him in state custody, yet he made no apparent attempt to address it. And finally, for the same reasons the Court found no showing of prejudice to his defense as a result of pre-

indictment delay, it does so find for the post-indictment delay. The Court will deny Defendant's Motion to Dismiss based on post-indictment delay as well.

For the above reasons, **IT IS ORDERED** denying Defendant's Motion to Dismiss for Pre-Indictment and Post-Indictment Delay (Doc. 21).

**IT IS FURTHER ORDERED** excluding the time between the filing of the instant Motion on November 3, 2025 and its determination on December 29, 2025, for a total of 56 days, pursuant to 18 U.S.C. § 3161(h)(1)(D).

Dated this 29th day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge